[No. 7320.  Decided June 15, 1908.]

Nettie E. Burling, *Respondent*, v. T. D. Page *et al.*, *Appellants*.[1]

Appeal from a judgment of the superior court for King county, Albertson, J., entered November 30, 1907, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action to enforce a trust in real property.  Affirmed.

*T. D. Page*, for appellants.

*Elias A. Wright* and *F. C. Kapp*, for respondent.

Dunbar, J.—This action was brought by the respondent against the appellants, to enforce a resulting or constructive trust in lots 3 and 4, in block 4, of Craven's addition to Green Lake, in King county, Washington.  The respondent alleges in brief, that on the 20th day of March, 1906, acting through the appellant T. D. Page, her attorney, she purchased the above described property for the sum of $660; that she furnished said Page the sum of $660 and instructed him to pay the same to O. E. Elliot and Dora Elliot, the grantors, and to procure from them a deed to the respondent of said property; that said Page paid the said sum of $660 to said Elliot and wife, but that, acting in disregard of her instructions, he fraudulently procured a conveyance of said real property from said Elliot and wife to himself, without the knowledge or consent of respondent, and that upon this fact coming to the knowledge of the respondent, she immediately demanded of appellants that they convey said real property to her, which they refused to do.  Under these allegations the respondent prayed for a decree, adjudging that the appellants held the legal title to said real property in trust for respondent, and for a conveyance by appellants to respondent of the said real property.

Appellants in their amended answer admitted that, at the time stated in the complaint, the appellant T. D. Page was attorney for the respondent, and that the appellants were husband and wife; denied each and every other allegation in the complaint, and set up by way of cross-complaint an affirmative defense that the appellant T. D. Page purchased said real property with money that he had theretofore borrowed from respondent; that he had thereafter executed and delivered to respondent his promissory note covering the said $660, and other moneys which he had borrowed from respondent; that the respondent held in her possession said promissory note covering said loans; that the respondent knew at the time of the purchase of said real property that appellant T. D. Page was purchasing the same for the use and benefit of himself and wife; that

[1]Reported in 96 Pac. 155.

the respondent held the legal title to the real property in the Electric Motor Line Addition to the city of Seattle, in which appellants owned a half interest as security for said loans made by respondent to appellant T. D. Page; avers that respondent never at any time had any interest whatever in the real property described in the complaint. Various other affirmative defenses were pleaded, but they did not arise out of the transactions set forth in the complaint, nor were they in any way connected with such transactions, and the court properly sustained a demurrer to said defenses. Upon the issues raised by the complaint, the direct answer, the affirmative defense above set forth, and the reply to said affirmative defense, the cause was tried, and it was adjudged and decreed that appellants held the legal title to the land described in the complaint in trust for the respondent, and that the same should be reconveyed, etc.; also that the respondent should return the note covering the $660 and certain other moneys to the appellants.

An examination of the testimony in this case convinces us that the judgment of the trial court is correct. It is therefore affirmed.

MOUNT, CROW, and RUDKIN, JJ., concur.

HADLEY C. J. and FULLERTON, J., took no part.